<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JONATHAN ELFAND, | Civil Action No.: 3:15-6469 (PGS)(LHG) |
| *Movant*, | |
| v. | <u>**MEMORANDUM**</u> |
| | <u>**AND**</u> |
| UNITED STATES POSTAL SERVICE[i], | <u>**ORDER**</u> |
| *Respondent*. | |

**SHERIDAN, District Judge.**

This matter comes before the Court on a motion by Jonathan Elfand ("Movant") to set aside an administrative forfeiture under 18 U.S.C. § 983(e)(1).

On June 12, 2013, Ralph Elfand (Jonathan Elfand's father) mailed a package through the United States Postal Service (USPS) to Movant. It was sent express mail from an office in New York, New York to a Sheraton Hotel in San Francisco, California and addressed to Jonathan Elfand. That day, a United States Postal Inspection Service (USPIS) Agent contacted Ralph Elfand asking about the contents of the package. *See* Movant's Br. (ECF No. 1) at ¶¶ 1-2. According to Movant, when the Agent asked to open the package, Ralph Elfand refused the request. *Id.* at ¶ 2. Subsequently, the Agent said that he had opened the box and found a sealed can inside, and asked permission to open it. Ralph Elfand purportedly insulted the Agent, and told him to mail the package to the addressee. *Id.* The Government asserts that the USPIS was

suspicious because Ralph Elfand never showed any proprietary interest in the mail's contents, and there was no index of ownership. *See* Respondent's Br. (ECF No. 10) at 2.

The USPIS opened the can, and on July 1, 2013 mailed a notice of administrative forfeiture proceedings to Ralph Elfand stating that the USPIS was attempting to administratively forfeit the $20,000 found in the can. *See* Decl. of Karen Houser at ¶ 4. The letter was also sent to Movant at the Sheraton hotel address listed on the mail parcel. *Id.* The form stated that any claim should be received by mail by August 4, 2013 at the Office of the Asset Forfeiture Unit, Criminal Investigations, U.S. Postal Inspection Service, P.O Box 44373, Washington, D.C. 20026-4373. In capital letters, it said that the date of receipt is the date of filing. *Id.*, Ex. 2.

The USPIS certifies that the mailed claim was received on August 7, 2015. *See* Decl. of Houser at ¶ 5. The notice stated that a claim is not deemed filed until actually received by the appropriate official identified in the notice. *Id.* at ¶ 6. According to the administrative claim statute, the agency may make a time to receive a claim not less than 35 days from the date of mailing the notice. See 18 U.S.C. § 983(a)(2)(A)-(B). The USPIS has a 35 day period. *See* Decl. of Houser at ¶ 5. The deadline for receipt of the notice was August 4, 2015, but since that was a Sunday, USPIS would have accepted it on August 5. *Id.*

Movant alleges that, because USPIS only provided a PO Box, he also hired a service to hand deliver a claim to Postmaster Krystle Mansolino at an office in Alabama on August 5, 2013. *See* Movant's Reply Br. (ECF No. 11). The Government provides a declaration of Mansolino declaring that she never received the claim, and that it appeared on review that Movant addressed it to the wrong city. *See* Decl. of Krystle Mansolino, ¶¶ 1-3.

On August 8, 2014, the Asset Forfeiture Unit sent a letter to Movant and Ralph Elfand telling them that their claim was late, but it would be accepted as a petition for remission or

mitigation. *See* Decl. of Houser at ¶ 7. On October, 14, 2013, the Unit mailed Movant and Ralph Elfand again to request additional information, and provided a deadline for that information of November 23, 2013. *Id*. at ¶ 8. On December 9, 2013, USPIS New York Division received correspondence from Movant, but it lacked supporting documentation. *Id*. at ¶ 9. On January 22, 2014, the property was declared forfeited, and on February 21, 2014, petition denial letters were sent to Movant and Ralph Elfand. *Id*. at ¶¶ 10-11.

An individual may file a motion to set aside a forfeiture if he did not receive proper notice of the forfeiture proceedings. 18 U.S.C. § 983(e)(1). This Court has jurisdiction to decide if the administrative forfeiture complied with statutory and due process requirements. *See Longenette v. Krusing*, 322 F.3d 758, 760 n. 3 (3d Cir. 2003). To succeed, a litigant must show:

> **(A)** the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
> **(B)** the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim."

18 U.S.C. §983(e)(1)(A)-(B).

The Government is required to provide notice within 60 days of the seizure. 18 U.S.C. § 983(a). The Court only has to decide whether there was due process. The Government's effort only had to be "reasonably calculated to apprise a party of the pendency of the action," and there is no requirement of actual notice. *Dusenbery v. United States*, 534 U.S. 161 (2002). The Government must notify "any person with an interest in the property via certified mail and by advertising a notice of forfeiture in a local publication on three separate occasions." *Williams v. Drug Enforcement Admin.*, 2014 WL 4494784, at *3. To challenge the seizure of property and preserve a claim for judicial forfeiture proceedings, one must file a claim within the deadlines provided in the notices, or file a claim for remission or mitigation. 28 C.F.R. § 9.5.

The Government claims that it was reasonable to send notice to the hotel where Movant was staying because it was listed on the letter parcel, as well as to send it to the father's permanent address. Sending notice to the father's address would alert Movant if he returned or spoke with his father, according to the Government. See Fed. R. Civ. P. Supp. R G(4)(b)(iii) (stating that notice may be sent to last address that person gave to the agency). The Government also asserts that Movant essentially admits to actual notice, because he claims that he attempted to hand deliver and mail his papers within the timeframe. Fed. R. Civ. P. Supp. R. G(4)(b)(v) ("A potential claimant who had actual notice of a forfeiture action may not oppose or seek relief from forfeiture because of the government's failure to send the required notice.")

It is clear that Plaintiff did receive actual notice. Also, the Government seems to have provided reasonable notice to Movant, regardless. The Government undertook a good faith delivery of the notice by sending it to two places—to his father and to his last known address at the Sheraton Hotel. As such, the Movant had timely received the notice of forfeiture under the circumstances.

## ORDER

IT IS ON THIS 28th day of January, 2016, hereby:

**ORDERED**, that Movant's motion to set aside an administrative forfeiture (ECF No. 1) is **DENIED**.

*[signature]*

PETER G. SHERIDAN, U.S.D.J.

---

[i] Movant incorrectly names the United States Postal Service. The pertinent agency is the United States Postal Inspection Service.